# United States District Court

## SOUTHERN DISTRICT OF INDIANA

UNITED STATES OF AMERICA

V.

**ROBERTO S. MACIAS**

**CRIMINAL COMPLAINT**

CASE NUMBER: 1:16-mj-00376

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about May 26, 2016, in Marion County and elsewhere, in the Southern District of Indiana, defendant did,

Count 1: possess with intent to distribute 500 grams or more of a mixture or substance containing a detectible amount of methamphetamine, in violation of Title 21 U.S.C. § 841(a)(1).

I further state that I am a special agent, and that this complaint is based on the following facts:

See attached Affidavit

**Continued on the attached sheet and made a part hereof.**

_____
Special Agent, Matthew W. Holbrook, DEA

**Sworn to before me, and subscribed in my presence**

May 27, 2016
**Date**

at   Indianapolis, Indiana

Denise K. LaRue, U.S. Magistrate Judge
**Name and Title of Judicial Officer**

_____
**Signature of Judicial Officer**

## AFFIDAVIT

Matthew W. Holbrook, Special Agent, with the United States Drug Enforcement Administration (DEA), being duly sworn, deposes and states:

1.      Your Affiant is a Special Agent (SA) of the federal Drug Enforcement Administration (DEA), United States Department of Justice.  Your Affiant is a law enforcement officer within the meaning of Title 18, United States Code, Section 2510(7); that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516.  Your Affiant has been employed by the DEA since February 2004.  I am currently assigned to the DEA Indianapolis District Office, Indianapolis, Indiana, and have been so assigned since October 2008.  Prior to my assignment at the DEA Indianapolis District Office, I was assigned to the DEA Chicago Field Division in Chicago, Illinois.  In connection with my official DEA duties, I investigate criminal violations of state and federal controlled substance laws, including, but not limited to, Title 21, United States Code, Sections 841, 843, 846 and 848, as well as the laundering of drug trafficking proceeds in violation of Title 18, United States Code, Sections 1956 and 1957.  I have personally conducted and/or assisted in numerous criminal investigations involving controlled substances and money laundering.  I have received special training in the enforcement of laws concerning controlled substances as found in Title 21 of the United States Code.  I have testified in judicial proceedings and prosecutions for violations of controlled substance laws.  I also have been actively involved in various types of electronic surveillance, including wire and electronic communication interception of more than fifty target telephones in this and prior investigations. I have also acted as the lead case agent in investigations using electronic and wire surveillance. I have participated in the debriefing and interviews of defendants, witnesses, informants

(confidential sources), and others who have knowledge both of the distribution and transportation of controlled substances and also of the laundering and concealing of proceeds from drug trafficking. I have reviewed numerous investigative reports and interviews related to the possession, manufacture, and delivery of, including possession with intent to deliver, controlled substances. I am familiar with the ways in which drug traffickers conduct their business, including, but not limited to, their methods of importing and distributing controlled substances and their use of telephones and code language to conduct their transactions. I am familiar with and have participated in all of the normal methods of investigation, including, but not limited to, visual surveillance, the general questioning of witnesses, the use of informants, the use of pen registers, and undercover operations. I have had conversations with drug traffickers concerning their methods of operation in the course of investigative interviews and have participated in the execution of numerous search warrants relating to illegal drug trafficking. My experience and training enable me to recognize methods and means used for the distribution of controlled substances and for the organization and operation of drug conspiracies, including the means employed to avoid detection.

2.      This affidavit is being submitted in support of a criminal complaint for charging Roberto S. Macias (DOB: XX-XX-1974) with possessing with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1).

3.      I have personally participated in the investigation set forth below. I am familiar with the facts and circumstances of the investigation through my personal participation, from discussions with other agents of the DEA, IRS-CID, the Metropolitan Drug Task Force (MDTF), and other law enforcement, from my discussions with witnesses involved in the investigation,

and from my review of records and reports relating to the investigation. Unless otherwise noted, wherever in this Affidavit I assert that a statement was made, the information was provided by another Special Agent, Task Force Officer, law enforcement officer, or witness who may have had either direct or hearsay knowledge of that statement and to whom I or others have spoken or whose reports I have read and reviewed. Such statements are among many statements made by others and are stated in substance and in part unless otherwise indicated.

4.     On May 26, 2016, members of DEA Group 52 and the Indianapolis Metropolitan Drug Task Force conducted a consent search at the residence located at 2121 N. Duck Lane, Indianapolis, Indiana. The owner and occupant of the Duck Lane residence was identified by agents as Roberto S. Macias. After knocking on the residence's door, agents came into contact with Macias and informed him of a pending drug investigation. At that time, agents sought and received verbal consent to search the Duck Lane residence from Macias.[1]

5.     During the search of the residence, agents recovered approximately twenty-one pounds of methamphetamine hidden throughout the office area of the residence. Agents also recovered a digital scale, heat sealer, and multiple cellular telephones. During a recorded post-Miranda statement, Macias admitted to agents he received the twenty-one pounds of methamphetamine and hid them throughout the house so no one would find them. Macias stated to this Affiant that he was going to be paid approximately $5,000 United States Currency to store the methamphetamine at his residence on Duck Lane. Macias stated he received the methamphetamine approximately one week ago.

6.     Based upon the above paragraph, I believe from my training and experience that probable cause exists to charge Roberto S. Macias with possessing with intent to distribute 500

---

[1] In an audio recorded statement Macias confirmed with agents he gave verbal consent to search the Duck Lane residence.

grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1).

Matthew W. Holbrook, Special Agent
Drug Enforcement Administration


Sworn to before me this 27th day of May, 2016

Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana